## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:23-cr-421 |
| ) | |
| MASSAQUOI ) | |
| ) | |
| ) | |

### DEFENDANT'S MASSAQUOI'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO COMPEL DISCOVERY

Defendant Siaka Massaquoi, by and through counsel, hereby files this response to the Government's motion in Limine, ECF No. 71.

**Jacob Chansley:** Should Defendant Massaquoi call Mr. Chansley to testify, Chansley will be asked about his encounter with Capitol Police, which the Defendant is confident will show the jury a different story than they have been told by the mainstream media. As Tucker Carlson reported after having an opportunity to review January 6 video footage:

> More than 40,000 hours of surveillance footage from in and around the Capitol have been withheld from the public and once you see the video, you'll understand why. Taken as a whole, the video record does not support the claim that January 6 was an insurrection. In fact, it demolishes that claim.

https://www.youtube.com/watch?v=Opy7MLGAPBk.

Tucker Carlson focused on video of Chansley, specifically how he walked peacefully through the hallways trailed by Capitol Police who:

> never stopped Jacob Chansley. They helped him. They acted as his tour guides. Here's video of Chansley in the Senate chamber. Capitol Police Officers take him to multiple entrances and even tried to open locked doors for him. We counted at least nine officers who were in touching distance of unarmed Jacob Chanelsy. Not one of them even tries to slow him down. Chanlsey understood that Capitol Police were his allies. Video shows him giving prayer for them on the floor of the Senate.

It is undeniable, and will be shown in voir dire, that the jurors have been exposed to a certain narrative about January 6 that is not consistent with the narrative that Tucker Carlson showed to Fox News viewers through the specific case of Jacob Chansley. It is likely that the jurors do not watch Fox News, and if asked, have a negative opinion about Tucker Carlson and Jacob Chansley. Accordingly, it is only fair that Defendant Massaquoi has an opportunity to introduce the jury to Jacob Chansley - arguably the single most recognizable figure from the events of January 6. Hearing from Chansley will be a small step to leveling the unfair narrative playing field that January 6 defendants face with a D.C. Jury that voted 95% for Donald Trump's opponents in three elections, and consume news from platforms that present a one-sided narrative about the events of January 6 that is prejudicial to January 6 defendants.

**Ray Epps:** As the Government notes in its Motion, Ray Epps "directed a group of rallygoers to go to the Capitol after then-President Trump was done speaking. At approximately 12:52 p.m., Epps and the vanguard of rioters reached the Peace Circle, where they encountered bike rack barriers that rioters breached shortly thereafter." The video clearly shows Ray Epps breaching the barrier and Capitol Police retreating before 1:00 PM. Epps can testify that the barriers were gone over two-and-a-half hours before Mr. Massaquoi entered the building, showing clear evidence that the barriers were down and that the police had left, so Mr. Massaquoi had o way of knowing it was a restricted area. The Government raises the fact that there are conspiracy theories surrounding Ray Epps because he was present at the initial breach, he famously encouraged people to enter the building the night before, and he sent a contemporaneous text message that apparently admitted to "orchestrating" the events of January 6. https://www.cbsnews.com/news/ray-epps-jan-6-protester-charged-over-capitol-riot/. Additional fuel was thrown on the conspiracy theory fire because the Government only charged Epps with a

single misdemeanor, the Government argued for leniency at his sentencing, and Epps was only sentenced to probation for conduct that would have led to sentences of years in prison in other January 6 cases. However, Mr. Massaquoi has no intention of raising those conspiracy theories at trial. If the Court permits him to subpoena Ray Epps to testify at trial, Mr. Massaquoi proffers that he will limit his questions to breach of the barriers at 12:54, which Epps witnessed personally, to demonstrate to the jury that a reasonable person who approached after the initial breach would not have known that the area was restricted.

**Daniel Goodwyn:** The Government is splitting hairs. According to the Government, Goodwyn should not be permitted to testify because Goodwyn entered at 3:32 and remained for 36 seconds, while Massauoi entered at 3:38 and remained for 70 seconds. It is hard to imagine any other scenario where a witness to a crime would not be permitted to testify because he left the scene 5 minutes earlier. Goodwyn can testify to the circumstances around the Senate Wing Door at that time. It is especially absurd for the Government to object to Goodwyn's testimony when it intends to bring Capitol Police Officers that were not even in the vicinity of Mr. Massaquoi.

**Samuel Montoya:** Mr. Massaquoi has decided that he does not intend to call Mr. Montoya.

**Baked Alaska:** It is frankly shocking and frivolous that the Government objects to Baked Alaska's testimony. His video is one of their exhibits. He can testify to the authenticity of the video and he is a direct witnesses to the allegations against Mr. Massaquoi. Mr. Massaquoi does not have to proffer anything about what he intends to ask Baked Alaska, should he be called to testify at trial.

**Treniss Evans:** Treniss Evans was in the same area as Mr. Massaquoi and can testify to what was happening at that time in the building. The Government has called Carneysha Mendoza and Thomas Lloyd to testify in hundreds of cases. In every case the Government calls FBI witnesses

who were not even present at the Capitol to testify based on what they saw on video. It is frivolous for the Government to object to protestors who were in the vicinity. To be fair, if Mr. Evans is not allowed to testify, then neither should any of the Government's witnesses.

**David Sumrall:** Mr. Massaquoi proffers that if he is permitted to call Mr. Sumrall it will be as a narrative witness to testify only to what he sees on certain videos and NOT to provide any opinion or commentary. He also has personal knowledge as he was in the area on January 6. As the Government noted, Mr. Sumrall has been allowed to testify in numerous January 6 trials. His testimony is efficient as he has viewed many thousand hours of video of January 6 and can therefore be one witness that allows to counter the narrative testimony of Carneysha Mendoza and Thomas Lloyd. The Government brings one of those witnesses in almost every case to show video to the trier of fact, even video where they did not personally witness. It is not fair to allow the Government to have a narrative witness and to preclude the Defendant from having the same.

**Daniel Thau:** MPD Officer Daniel Thau is a crucial witness and must be allowed. Thau is responsible for the breakdown of the police line at 2:26 when he ordered dangerous gas to be shot into the scaffolding but the grenade launcher misfired causing all of the officers to retreat because of the gas. The jury cannot properly understand the events of January 6 if they are not allowed to see this critical incident and to hear Officer Thau's testimony. This incident occurred over an hour before Mr. Massaquoi entered the building, and provides important context to what occurred on that day. If Mr. Massaquoi is precluded from bringing Officer Thau, then the Government should be precluded from any general January 6 and be limited only to witnesses and other evidence of the conduct that occurred between 3:38 and 3:40. As the Court is well aware, January 6 cases are unique in that even for misdemeanor cases the Government brings text messages and social media from prior to January 6 and narrative witnesses like Loyd and

Mendoza to create the context that it wants the Jury to see to obtain a conviction. The Government has been permitted to do that in the past, and intends to do that at Mr. Massaquoi's trial. Mr. Massaquoi simply asks that he be allowed to bring evidence to show context that the Government wants to hide from the jury.

**Thomas Loyd:** The Government's opposition to Deputy Chief Loyd's testimony is completely frivolous. Loyd has testified at countless January 6 trials, and could have been the Government's witness at this trial as the Government admitted that they randomly interchange him with Mendoza. If called, Mr. Massaquoi will ask Loyd about his prior testimony in other January 6 cases that are similar to Mr. Massaquoi's case.

**Officer James Stone:** Officer Stone was one of the Capitol Police who was at the Senate Wing Door around the same time as Mr. Massaquoi. He is obviously a relevant witness.

**Matthew Tarducci and Charles Zeigler:** These are the FBI agents who were directly involved in the investigation of Mr. Massaquoi, including his arrest. Cross examination of multiple FBI officers will allow Mr. Massaquoi to show how their respective testimonies are inconsistent and impeach their credibility, which is his right.

Dated: January 19, 2025                                  Respectfully submitted,

/s/ Jonathan S. Gross
Jonathan Gross
D.C. Bar No. NY0126
2833 Smith Ave., Suite 331
Baltimore, MD 21209
Telephone: (443) 813-0141
jonathansgross@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify on January 16, 2025, the foregoing was filed and served using the Court's ECF system.

/s/ Jonathan Gross